# COPY

1  Linda S. Husar (SBN 93989)
   Email:   lhusar@reedsmith.com
2  Remy Kessler (SBN 123165)
   Email:   rkessler@reedsmith.com
3  REED SMITH LLP
4  355 South Grand Avenue
   Suite 2900
5  Los Angeles, CA  90071-1514
   Telephone: +1 213 457 8000
6  Facsimile: +1 213 457 8080
7
   Attorneys for Defendants
8  Ralphs Grocery Company and Ken
   Markman
9

FILED
CLERK, U.S. DISTRICT COURT

SEP 1 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  RONALD RAGAN, an Individual,            Case No. CV13-06643-RSWL (AJWx)

14                 Plaintiff,              NOTICE OF REMOVAL OF CIVIL
                                           ACTION UNDER 28 U.S.C. §§ 1331
15          vs.                            AND 1441(b); EXHIBITS

16
    RALPHS GROCERY COMPANY, a
17  foreign corporation; KEN MARKMAN,
    an Individual; and DOES 1 through 25,
18  inclusive,
19
                   Defendants.
20

21

22  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF

23  RONALD RAGAN AND HIS ATTORNEY OF RECORD:

24          PLEASE TAKE NOTICE that Defendants Ralphs Grocery Company

25  ("Ralphs") and Ken Markman ("Markman") (collectively, "Defendants") hereby

26  remove to this Court the state court action described below.  The above-captioned case

27  is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C.

28

                              – 1 –
                                                    US_ACTIVE-114267434.1
     NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND
                        1441(b); EXHIBITS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

§ 1331 and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441.  In compliance with 28 U.S.C. § 1446(a), Defendants assert the following grounds for removal:

1.      On August 5, 2013, Plaintiff Ronald Ragan ("Plaintiff") commenced an action against Ralphs and Markman by filing a Complaint ("Complaint") in the Superior Court of the State of California, County of Los Angeles, entitled *Ronald Ragan v. Ralphs Grocery Company, et al.*, Case No. BC517378 (hereinafter, the "State Court Action").  True and correct copies of Plaintiff's Complaint and accompanying papers are attached hereto as Exhibit A and are incorporated herein by reference as if set forth in full.

2.      Ralphs was first served with copies of the Summons and Complaint on August 12, 2013.  A true and correct copy of the Summons served on Ralphs is attached hereto as Exhibit B and is incorporated herein by this reference as if set forth in full.  Markman was first served with copies of the Summons and Complaint on August 16, 2013.  A true and correct copy of the Summons served on Markman is attached hereto as Exhibit C and is incorporated herein by reference as if set forth in full.

3.      Defendants have not filed, served or received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A, B, and C.

4.      This Notice is timely in that it is being filed within thirty (30) days of receipt of the Summonses and Complaint by Defendants, which was the first time that Defendants ascertained that the State Court Action was removable under federal law. *See* 28 U.S.C. 1446(b).

5.      Plaintiff's Complaint purports to state six claims for, *inter alia*, assault, intentional infliction of emotional distress, negligent supervision, retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, constructive discharge in violation of public policy and wrongful termination in

– 2 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 | violation of public policy.   These purported claims are based on wrongful conduct
2 | allegedly committed by Defendants during Plaintiff's employment with Ralphs.  More
3 | specifically, Plaintiff alleges that he was assaulted by Defendants and then later
4 | wrongfully terminated for, among other reasons, having requested reasonable
5 | accommodations for a purported disability and for having taken an FMLA leave of
6 | absence.  Complaint, ¶¶ 10-31.

7 |      6.    Plaintiff contends in the purported fourth claim that Defendants violated
8 | the FMLA, as well as related sections of the Code of Federal Regulations.  Complaint,
9 | ¶¶ 51-55.  Plaintiff's purported fourth claim, therefore, arises under federal law.

10 |      7.    Plaintiff's purported first, second, third, fifth and sixth claims are
11 | transactionally related to Plaintiff's purported fourth claim over which this Court has
12 | federal question jurisdiction.  Accordingly, the purported first, second, third, fifth and
13 | sixth claims in the Complaint are removable and subject to this Court's supplemental
14 | jurisdiction under 28 U.S.C. §§ 1367(a) and 1441(c).

15 |      8.    By filing this Notice of Removal, Defendants do not waive any defenses
16 | that may otherwise be available to them.

17 |      For all of the foregoing reasons, Defendants respectfully submit that the
18 | State Court Action is removable to this Court under 28 U.S.C. §§ 1331 and 1441(b).

19 |
20 | DATED:  September 10, 2013      REED SMITH LLP
21 |
22 |      By: _____
23 |      Remy Kessler
     Attorneys for Defendants
24 |      Ralphs Grocery Company and Ken
     Markman
25 |
26 |
27 |
28 |

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND
1441(b); EXHIBITS

# EXHIBIT 1

THE LAW OFFICE OF OMID NOSRATI
Omid Nosrati, Esq. (SBN 216350)
1875 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: (310) 553-5630
Facsimile: (310) 553-5691
Email: omid@nosratilaw.com

Attorney for Plaintiff,
RONALD RAGAN

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 05 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT, UNLIMITED JURISDICTION

RONALD RAGAN, an Individual;

    Plaintiff,

    vs.

RALPHS GROCERY COMPANY, a foreign corporation; KEN MARKMAN, an Individual; and DOES 1 through 25, inclusive;

    Defendants.

Case No.   BC517373

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

1. Assault
2. Intentional Infliction of Emotional Distress
3. Negligent Supervision
4. Retaliation in Violation of FMLA
5. Constructive Discharge in Violation of Public Policy
6. Wrongful Termination in Violation of Public Policy

DEMAND FOR JURY TRIAL

I.

## GENERAL ALLEGATIONS

1.    At all times relevant for purposes of this Complaint, Plaintiff, RONALD RAGAN ("Plaintiff") has been a resident of the State of California, County of Los Angeles.

2.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendant RALPHS GROCERY COMPANY ("Ralphs") was and is a foreign corporation, doing business in the State of California, County of Los Angeles.

– 1 –
COMPLAINT

EXHIBIT 1 – PAGE 4

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90067

3.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto that Defendant, KEN MARKMAN ("Markman") is, and was at all times material herein, resided in the State of California, County of Los Angeles.

4.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 25, inclusive, and therefore sues Defendants by such fictitious names. Defendants DOES 1 through 25, at all times relevant for purposes of this Complaint were employees, agents, officers and/or members of the board of directors of Defendants.  Plaintiff will amend this complaint to allege the true names and capacities of the Defendants designated herein as DOES 1 through 25, inclusive, when they have been ascertained.

5.     Plaintiff is informed and believes, and on that basis alleges, that Defendants designated herein as DOES 1 through 25, inclusive, are responsible in some manner for the acts, events and occurrences alleged herein, and caused or contributed to the damages sustained by Plaintiff.

6.     Plaintiff is informed and believes, and on that basis alleges, that at all times relevant for purposes of this Complaint, the Defendants designated herein as DOES 1 through 25, inclusive, acted as the agents, employees, directors, officers, co-venturers, and partners of the named Defendants and such fictitiously-named Defendants.  Each of them, while acting in the course and scope of their agency, employment, corporate capacities, and partnership, performed the acts and conduct hereinafter alleged, and said acts and conduct were ratified and approved by each Defendant.

## II.

## JURISDICTION

7.     Defendant, RALPHS is subject to suit under the Family and Medical Leave Act ("FMLA") as it regularly employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.  [29 USC §2611(4)(A)(i)].

8.     Defendant, MARKMAN and/or DOES 1 through 25 are individuals subject to suit under FMLA because they are persons acting directly or indirectly in the interest of a covered

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

**EXHIBIT 1 – PAGE 5**

employer. [29 USC §2611(4)(A)(ii)(l); 29 CFR §825.104(d)].

9. This court has jurisdiction to hear both statutory and common law claims against Defendants and DOES 1 through 25.

III.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. At all relevant times, Plaintiff was an employee and a warehouse truck driver of Defendant, Ralphs.

11. Plaintiff was hired by Ralphs on or about August 4, 1995. During his employment with Ralphs, Plaintiff worked at the branch located at 1100 West Artesia Boulevard, Compton, California 90220.

12. During his employment with Ralphs, Plaintiff received positive performance reviews. On or about August 10, 2000, Plaintiff received a Service Award for five years of service at Ralphs.

13. In or around the end of 2009, Defendant Markman began working as Assistant Manager of the Compton branch and worked as Plaintiff's direct supervisor.

14. On or about August 10, 2010, Plaintiff informed dispatch and Defendant Markman that he needed to utilize FMLA to go home after working an eight-hour shift and to take care of his mother. Defendant Markman thereafter met with Plaintiff in his office and informed Plaintiff that he would need to stay because of mandatory overtime requirements. As Plaintiff explained that his FMLA approval is not affected by mandatory overtime, Defendant Markman advised Plaintiff that he could either fill out more FMLA paperwork or receive a write up for leaving work early. During this meeting, Defendant Markman told Plaintiff, "If I had a gun, I would hold it to your head."

15. After the meeting, Defendant Markman issued a written warning to Plaintiff for leaving work early.

16. Plaintiff was shaken up and pale after he met with Defendant Markman.

17. Plaintiff filed a complaint with Ralphs regarding this incident

18. Shortly after Plaintiff made his complaint, Defendant Markman engaged in a course of conduct designed to retaliate against Plaintiff and force him to quit

19. On several occasions, Defendant Markman singled out Plaintiff for his work

– 3 –
COMPLAINT

EXHIBIT 1 – PAGE 6

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90067

1   performance and had security following him.

2        20.   Defendant Markman would regularly come to work intoxicated and would exhibit

3   slurred speech, and smelled of alcohol.  Markman would stare and intimidate Plaintiff, making him

4   feel very uncomfortable.

5        21.   As a result of Defendant Markman's death threat and harassing behavior toward

6   Plaintiff, Plaintiff wore a bullet-proof vest to work because he feared Defendant Markman.

7        22.   Even though Plaintiff and other employees made complaints about Defendant

8   Markman's intoxication at work and unacceptable behavior, Ralphs's failed to take proper remedial

9   action.

10       23.   On or about February 1, 2012, Defendant Markman stated that he was investigating

11  Plaintiff and claimed that Plaintiff was not completing his time sheets correctly.  Despite Markman's

12  baseless claims, Defendant Markman suspended Plaintiff pending completion of the investigation.

13       24.   Since on or about February 7, 2012, Plaintiff has been meeting with his psychologist

14  to treat his stress-related issues.  Plaintiff suffers from Post-Traumatic Stress Disorder and Major

15  Depression as a result of Defendants' conduct.  Since the incident with Defendant Markman on or

16  about August 10, 2010, Plaintiff has been less active and unable to engage in social activities.

17       25.   Due to the stress caused by the incident with Defendant Markman on or about August

18  10, 2010, Plaintiff has met with his medical caregiver on several occasions.

19       26.   Plaintiff also has difficulty concentrating.  Plaintiff has also been experiencing night

20  terrors and therefore, has had difficulty sleeping.  Further, Plaintiff experiences anxiety when he sees

21  a black colored truck following him, because he is aware that Defendant Markman drives a black

22  colored truck.

23       27.   Plaintiff has been taking various types of medication to treat his condition.

24       28.   Plaintiff has filed a worker's compensation claim and has been on temporary total

25  disability since February of 2012 as he has been unable to return to work.

26       30.   In or around September 2012, Plaintiff commenced his disability retirement.

27       31.   On or about August 2, 2013, Ralphs terminated Plaintiff.

28

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

– 4 –
COMPLAINT

EXHIBIT 1 – PAGE 7

## IV.

## FIRST CAUSE OF ACTION FOR ASSAULT

(Against Defendants RALPHS, KEN MARKMAN and DOES 1 through 25, inclusive.)

29. Plaintiff hereby incorporates paragraphs 1 through 31 by reference, as though fully stated herein.

30. On or about August 10, 2010, as described herein above, Defendant Markman caused, and intended to cause, imminent apprehension of a harmful and offensive contact with Plaintiff when he threatened Plaintiff. At no time did Plaintiff consent to any of the acts of Defendant Markman described herein.

31. Continuing thereafter, Plaintiff was placed in extreme apprehension and fear for his physical well-being and safety.

32. Defendant Employer, knew, or should have known, of the assaults, but ratified the conduct, as described herein above, by failing to adequately discipline Defendant Markman, failing to intervene to protect Plaintiff, among other acts of ratification. As Defendant Markman's employer and by ratifying Defendant Markman's misconduct, Defendant Employer is liable to Plaintiff for assault.

33. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

34. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. Plaintiff has further experienced other physical symptoms arising from the wrongful acts of Defendants, and each of them. Plaintiff is informed and believes and thereon alleges that he will continue to experience said pain and physical and emotional suffering for a

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

1  period in the future he cannot presently ascertain, all in an amount subject to proof at the time of

2  trial.

3       35.    As a further proximate result of the negligence of said Defendants, each of them,

4  Plaintiff will incur medical and related expenses in an amount according to proof.

5       36.    The acts taken toward Plaintiff were carried out by and/or ratified by Defendants

6  and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent,

7  malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff,

8  thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an

9  example of Defendants, and each of them.

V.

10

11  **SECOND CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL**

12  **DISTRESS**

13  (Against Defendants RALPHS, KEN MARKMAN and DOES 1 through 25, inclusive.)

14       37.    Plaintiff incorporates by reference each allegation contained in paragraphs 1 through

15  31 as though fully set forth herein.

16       38.    The conduct of Defendants as described above, was extreme and outrageous, was

17  willful and malicious, and was carried out with the intent to inflict emotional pain and suffering

18  upon Plaintiff, or with reckless disregard that Plaintiff would suffer emotional distress.

19       39.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

20  has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses,

21  including without limitation loss of salary and benefits, and the intangible loss of employment-

22  related opportunities for growth in his field and damage to his professional reputation, all in an

23  amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with

24  prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of

25  law providing for prejudgment interest.

26       40.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

27  has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish,

28  and emotional distress. Plaintiff has further experienced other physical symptoms arising from the

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

6
COMPLAINT

**EXHIBIT 1 – PAGE 9**

wrongful acts of Defendants, and each of them. Plaintiff is informed and believes and thereon alleges that he will continue to experience said pain and physical and emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

41.     As a further proximate result of the negligence of said Defendants, each of them, Plaintiff will incur medical and related expenses in an amount according to proof.

42.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to them of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## VI.

## THIRD CAUSE OF ACTION FOR NEGLIGENT SUPERVISION

(Against Defendants, RALPHS, and Does 1 Through 25, inclusive)

43.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 31 hereinabove.

44.     At all relevant times mentioned herein, Defendants, Ralphs and/or Does 1 through 25, inclusive, owed a duty to Plaintiff to maintain a safe working environment and protect Plaintiff against harm from aggressive, reckless or intentional misconduct.

45.     At the aforementioned time and place, Defendants, and each of them, breached their duty by failing to maintain a safe working environment and failing to protect Plaintiff against harm and harassing conduct from Defendant Markman.

46.     As a direct, proximate, and legal result of the negligence of said Defendants, each of them, Plaintiff suffered physical, emotional, and mental injuries all in an amount that will be proven at trial.

47.     As a further proximate result of the negligence of said Defendants, each of them, Plaintiff will incur medical and related expenses in an amount according to proof.

48.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

– 7 –
COMPLAINT

**EXHIBIT 1 – PAGE 10**

has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

49.   As a further proximate result of the negligence of said Defendants, each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering.  As a result of such injuries, Plaintiff has suffered general damages in an amount according to proof.

## VII.

## FOURTH CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF FMLA

(Against Defendants RALPHS, KEN MARKMAN and DOES 1 through 25, inclusive.)

50.   Plaintiff incorporates by reference each allegation contained in paragraphs 1 through 31, as though fully set forth herein.

51.   An employer is prohibited from discriminating against, or discharging, an employee for taking FMLA leave, or for opposing or complaining about violations of FMLA.  [29 USC §2615(a)(2); 29 CFR §825.220(a)(2), (3), (c)].  It is also unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" under the FMLA.  [29 USC §2615(a)(1); 29 CFR §825.220(a)(1)].  It is an unlawful employment practice to retaliate against an employee for taking FMLA leave.

52.   As a result of requesting accommodations and requesting FMLA leave, Plaintiff suffered adverse employment actions by Defendant as set forth above, e.g., being further harassed, being denied FMLA leave (even though Plaintiff was eligible for such medical leave), being issued a written warning, being issued a suspension and subsequently termination.

53.   Defendant willfully violated the FMLA when, despite knowing that Plaintiff was

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6ᵗʰ FLOOR, L.A. CA 90067

– 8 –
COMPLAINT

**EXHIBIT 1 – PAGE 11**

1  eligible for such medical leave, it interfered with Plaintiff's FMLA rights and retaliated against

2  Plaintiff for exercising his rights under FMLA.

3       54.    There is a causal link between Plaintiff's protected activity and the adverse

4  employment actions taken against him due to Defendant's knowledge of Plaintiff's protected

5  activity, the proximity of time between said protected activities and the retaliatory employment

6  actions, and the pattern of Defendant's conduct.

7       55.    Defendants' conduct as alleged above constituted unlawful retaliation in violation of

8  the FMLA.

9       56.    As a proximate result of the wrongful acts of Defendant, Plaintiff has been harmed in

10  that Plaintiff has suffered actual, consequential and incidental financial losses, including without

11  limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for

12  growth in his field and damage to his professional reputation, all in an amount subject to proof at the

13  time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant

14  to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for

15  prejudgment interest.

16       57.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

17  has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to

18  continue to incur attorneys' fees and costs in connection therewith.

19       58.    The acts taken toward Plaintiff were carried out by and/or ratified by Defendants

20  and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent,

21  malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff,

22  thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an

23  example of Defendant.

24

25

26

27

28

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

**EXHIBIT 1 – PAGE 12**

## FIFTH CAUSE OF ACTION FOR CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

(Against Defendant, Ralphs and Does 1 Through 25, inclusive)

59.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 31 above, as though fully set forth in this cause of action.

60.     Government Code §12920, declares that it is the public policy of California that "it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation." Labor Code Section 132a prohibits retaliation for making a worker's compensation claim. It is also an unlawful employment practice to retaliate against an employee for taking FMLA or CFRA leave. Labor Code section 6310 prohibits retaliation for complaining about unsafe work conditions.

61.     As set forth above, Ralphs failed to conduct a reasonable investigation of the complaint made by Plaintiff against Markman and failed to take adequate remedial action. Subsequent to Plaintiff's complaint, Markman engaged in a retaliatory campaign which caused Plaintiff further emotional distress and placed his job in jeopardy. Plaintiff believes that the working conditions at Ralphs were unusually aggravated such that it was intolerable to continue working in the environment where he may be further subjected to threats to his safety, as well as subjected to discrimination and retaliation.

62.     Plaintiff was therefore constructively discharged from Ralphs in or around September 2012.

63.     Plaintiff's constructive termination was in violation of fundamental public policies as set forth above.

64.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6ᵀᴴ FLOOR, L.A. CA 90067

– 10 –
COMMITTEE

**EXHIBIT 1 – PAGE 13**

1   amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with

2   prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of

3   law providing for prejudgment interest.

4        65.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

5   has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish,

6   and emotional distress. Plaintiff has further experienced other mental symptoms arising from the

7   wrongful acts of Defendants, and each of them.  Plaintiff is informed and believes and thereon

8   alleges that he will continue to experience said pain and mental and emotional suffering for a period

9   in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

10        66.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendants

11   and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent,

12   malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff,

13   thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an

14   example of Defendants, and each of them.

15   **SIXTH CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF**

16   **PUBLIC POLICY**

17        (Against Defendant, Ralphs and Does 1 Through 25, inclusive)

18        67.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 31

19   above, as though fully set forth in this cause of action.

20        68.   Government Code §12920, declares that it is the public policy of California that "it is

21   necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold

22   employment without discrimination or abridgment on account of race, religious creed, color,

23   national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex,

24   age, or sexual orientation." Labor Code Section 132a prohibits retaliation for making a worker's

25   compensation claim.  It is also an unlawful employment practice to retaliate against an employee for

26   taking FMLA or CFRA leave.  Labor Code section 6310 prohibits retaliation for complaining about

27   unsafe work conditions.

28

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

69.     As set forth above, Ralphs failed to conduct a reasonable investigation of the complaint made by Plaintiff against Markman and failed to take adequate remedial action. Subsequent to Plaintiff's complaint, Markman engaged in a retaliatory campaign which caused Plaintiff further emotional distress and placed his job in jeopardy.

70.     After Plaintiff was forced to go on medical leave and placed on disability, Ralphs discharged Plaintiff on or about August 2, 2013.

71.     Plaintiff's termination was in violation of fundamental public policies as set forth above.

72.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

73.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. Plaintiff has further experienced other mental symptoms arising from the wrongful acts of Defendants, and each of them.  Plaintiff is informed and believes and thereon alleges that he will continue to experience said pain and mental and emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

74.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

**EXHIBIT 1 – PAGE 15**

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1)   For compensatory damages including damages for lost wages, lost employee benefits, bonuses, vacation benefits, medical expenses, pain, suffering and emotional distress, and other special and general damages according to proof at trial;

2)   For prejudgment interest at the maximum legal rate;

3)   For post judgment interest at the maximum legal rate;

4)   For punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct for all causes of action in which such damages are recoverable;

5)   For the payment of PLAINTIFF's reasonable attorneys' fees and expert witness fees;

6)   For costs of suit herein incurred; and

7)   For such other and further relief as the Court may deem just and proper.

Dated: August 5, 2013

THE LAW OFFICE OF OMID NOSRATI

By: _____
OMID NOSRATI
Attorney for Plaintiff,
RONALD RAGAN

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: August 5, 2013

THE LAW OFFICES OF OMID NOSRATI

By: _____
OMID NOSRATI
Attorney for Plaintiff,
RONALD RAGAN

– 13 –
COMPLAINT

**EXHIBIT 1 – PAGE 16**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Omid Nosrati, Esq. (SBN 216350)
The Law Office of Omid Nosrati
1875 Century Park East, 6th Floor
Los Angeles, CA 90067
TELEPHONE NO.: (310) 553-5630      FAX NO.: (310) 553-5691
ATTORNEY FOR *(Name):* Plaintiff, RONALD RAGAN

**FOR COURT USE ONLY**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 05 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

CASE NAME:
Ragan v. Ralphs Grocery Company; Ken Markman; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC517373 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08-05-2013
Omid Nosrati, Esq.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT 1 – PAGE 17**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
　Damage/Wrongful Death
Uninsured Motorist (46) (*if the
　case involves an uninsured
　motorist claim subject to
　arbitration, check this item
　instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/
　　Wrongful Death
Product Liability (*not asbestos or
　toxic/environmental*) (24)
Medical Malpractice (45)
　Medical Malpractice–
　　Physicians & Surgeons
　Other Professional Health Care
　　Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip
　　and fall)
　Intentional Bodily Injury/PD/WD
　　(e.g., assault, vandalism)
　Intentional Infliction of
　　Emotional Distress
　Negligent Infliction of
　　Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　Practice (07)
Civil Rights (e.g., discrimination,
　false arrest) (*not civil
　harassment*) (08)
Defamation (e.g., slander, libel)
　(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice
　　(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease
　　Contract (*not unlawful detainer
　　or wrongful eviction*)
　Contract/Warranty Breach–Seller
　　Plaintiff (*not fraud or negligence*)
　Negligent Breach of Contract/
　　Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open
　book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections
　　Case
Insurance Coverage (*not provisionally
　complex*) (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property (*not eminent
　domain, landlord/tenant, or
　foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
　drugs, check this item; otherwise,
　report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court
　　Case Matter
　Writ–Other Limited Court Case
　　Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor
　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　(*arising from provisionally complex
　case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of
　　County)
　Confession of Judgment (*non-
　　domestic relations*)
　Sister State Judgment
　Administrative Agency Award
　　(*not unpaid taxes*)
　Petition/Certification of Entry of
　　Judgment on Unpaid Taxes
　Other Enforcement of Judgment
　　Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
　above*) (42)
　Declaratory Relief Only
　Injunctive Relief Only (*non-
　　harassment*)
　Mechanics Lien
　Other Commercial Complaint
　　Case (*non-tort/non-complex*)
　Other Civil Complaint
　　(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
　Governance (21)
Other Petition (*not specified
　above*) (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult
　　Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late
　　Claim
　Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

### EXHIBIT 1 – PAGE 18

| SHORT TITLE: Ragan v. Ralphs Grocery Company; Ken Markman; et al. | CASE NUMBER BC517373 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

# CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

**EXHIBIT 1 – PAGE 19**

| SHORT TITLE:<br>Ragan v. Ralphs Grocery Company; Ken Markman; et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

**EXHIBIT 1 – PAGE 20**

| SHORT TITLE: Ragan v. Ralphs Grocery Company; Ken Markman; et al. | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

**EXHIBIT 1 – PAGE 21**

| SHORT TITLE: Ragan v. Ralphs Grocery Company; Ken Markman; et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>111 N. Hill Street |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 08-05-2013 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**EXHIBIT 1 – PAGE 22**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____ BC517373

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Michael Johnson | 56 | 514 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Rita Miller | 16 | 309 | Hon. Mark Mooney | 68 | 617 |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | |
| Hon. Barbara Scheper | 30 | 400 | | | |
| Hon. Mary H. Strobel | 32 | 406 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Elihu M. Berle*** | **323** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | OTHER | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |
| Hon. Abraham Khan | 51 | 511 | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | |
| Hon. Malcolm H. Mackey | 55 | 515 | | | |

***Complex**
All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      JOHN A. CLARKE, Executive Officer/Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 1 of 2

EXHIBIT 1 – PAGE 23

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

EXHIBIT 1 – PAGE 24

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | CASE NUMBER: |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 1 of 2

EXHIBIT 1 – PAGE 25

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                            (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____           ➤   _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date: _____

_____           ➤   _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

_____           ➤   _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

_____           ➤   _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

_____           ➤   _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date: _____

_____           ➤   _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date: _____

_____           ➤   _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):     FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11     **STIPULATION – DISCOVERY RESOLUTION**     Page 1 of 3

**EXHIBIT 1 – PAGE 27**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

  It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>FAX NO. (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT 1 – PAGE 30

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)

Date: _____

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date: _____

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date: _____

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date: _____

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

Date: _____

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

Date: _____

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

---

LACIV 075 (new)
LASC Approved 04/11         **STIPULATION AND ORDER -- MOTIONS IN LIMINE**         Page 2 of 2

EXHIBIT 1 -- PAGE 32

# EXHIBIT 2

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RALPHS GROCERY COMPANY, a foreign corporation; KEN
MARKMAN, an Individual; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RONALD RAGAN, an Individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 0 5 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER: *(Número del Caso):* B C 5 1 7 3 7 0 |
|---|---|

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Omid Nosrati, Esq. (SBN 216350) 1875 Century Park East, 6th Floor, Los Angeles, CA 90067, 310.553.5630

**DATE:**
*(Fecha)*

John A. Clarke Clerk, by _____ , Deputy
*(Secretario)* Amber Hayes *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

AUG 0 5 2013

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* RALPhS Grocery Company
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT 2 – PAGE 33**

# EXHIBIT 3

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RALPHS GROCERY COMPANY, a foreign corporation; KEN MARKMAN, an Individual; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RONALD RAGAN, an Individual

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 0 5 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Los Angeles Superior Court *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* B C 5 1 7 3 7 9 |

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Omid Nosrati, Esq. (SBN 216350) 1875 Century Park East, 6th Floor, Los Angeles, CA 90067, 310.553.5630

DATE: John A. Clarke , Clerk, by Amber Hayes , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

[SEAL]

AUG 0 5 2013

3. [ ] on behalf of (specify):

    under: [ ] CCP 416.10 (corporation)
           [ ] CCP 416.20 (defunct corporation)
           [ ] CCP 416.40 (association or partnership)
           [ ] other (specify):

    [ ] CCP 416.60 (minor)
    [ ] CCP 416.70 (conservatee)
    [ ] CCP 416.90 (authorized person)

4. [ ] by personal delivery on (date):

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

**EXHIBIT 3 – PAGE 34**

**PROOF OF SERVICE**
*Ronald Ragan v. Ralphs Grocery Company, et al.*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  I am employed in the office of a member of the bar of this court at whose direction the service was made.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071-1514. On September 11, 2013, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL OF CIVIL ACTION**
**UNDER 28 U.S.C. §§ 1331 AND 1441 (b); EXHIBITS**

☒ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Omid Nosrati, Esq.
The Law Office of Omid Nosrati
1875 Century Park East, 6th Floor
Los Angeles, California 90067

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on September 11, 2013, at Los Angeles, California.

Heather Valencia

US_ACTIVE-114395906.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Ronald S.W. Lew_____ and the assigned Magistrate Judge is _____Andrew J. Wistrich_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13-CV-6643-RSWL (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____September 11, 2013_____
Date

By __MDAVIS_____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ **Western Division**
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ **Southern Division**
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ **Eastern Division**
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| RONALD RAGAN | RALPHS GROCERY COMPANY and KEN MARKMAN |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Omid Nostrati · (310) 553-5630<br>The Law Office of Omid Nostrati<br>1875 Century Park East, 6th Floor<br>Los Angeles, California 90067 | Remy Kessler (213) 457-8000<br>Reed Smith LLP<br>355 S. Grand Avenue, Suite 2900<br>Los Angeles, California 90071 |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

CLASS ACTION under F.R.Cv.P. 23: ☐ Yes ☒ No ☐ MONEY DEMANDED IN COMPLAINT: $

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges he was retaliated against in violation of the Family and Medical Leave Act, 29 U.S.C. section 2601, et seq.

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☒ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **CV13-06643**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (Ralphs) and Orange (Markman) | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____  DATE: September 10, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

## PROOF OF SERVICE
*Ronald Ragan v. Ralphs Grocery Company, et al.*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  I am employed in the office of a member of the bar of this court at whose direction the service was made.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071-1514. On September 11, 2013, I served the following document(s) by the method indicated below:

### CIVIL COVER SHEET

☒   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Omid Nosrati, Esq.
The Law Office of Omid Nosrati
1875 Century Park East, 6th Floor
Los Angeles, California 90067

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on September 11, 2013, at Los Angeles, California.

Heather Valencia

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-114395906.1